May Term, 1856.

RICHEY v. GRAHAM.

------

### RICHEY and Another, Executors, v. GRAHAM.

Suit in chancery, governed in the Court below by the practice under the R. S. 1843, and in relation to the appeal, in the Supreme Court, by the R. S. 1852. *Held*, that the defendants, in order to avail themselves of the objection that the bill was defective for the want of proper parties, should have pursued the steps indicated by ss. 39, 40 and 41, of art. 2, c. 46, R. S. 1843, and should have made a specific assignment of errors in the Supreme Court.

APPEAL from the *Wayne* Circuit Court.

STUART, J.—This cause was commenced in 1847, and determined in 1849, under the old practice. The appeal

*Wednesday, June 11.*

May Term,
1856.

bond was filed on the 9th of *October*, 1849. The record was filed in this Court, *May* 27, 1854, and is indorsed "submitted by agreement, *November* 18, 1855." Process appears to have been issued and served on the appellees; but there is no joinder in error, no appearance for the appellees, no agreement to submit, and no default. It may be doubted whether the case is properly in this Court.

But admitting that it is, the assignment of errors, that the decree should have been for the defendant, is bad. *Kimball* v. *Sloss, post,* 589.

All the other errors assigned are waived in the argument, except the want of parties. That objection alone is argued, but not supported by any authority. The defendants demurred, assigning that, rather obscurely, as one cause. But on the demurrer's being overruled, they answered over. The case, tried in 1849, was governed by the chancery practice in force at that time. If they intended to avail themselves of this objection, they should have pursued the steps indicated in sections 39, 40, 41, R. S. 1843, pp. 838–9; and followed it by a proper specific assignment of errors in this Court, under the new practice, which is the law governing it here. 2 R. S. 161.

*Per Curiam.*—The decree is affirmed, with 10 per cent. damages and costs.

*C. H. Test* and *O. P. Morton,* for the appellants.